1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  MARCUS LANCE TYLER                    )
                                          )
11          Plaintiff,                    )        CASE NO.   C05-1189RSM
                                          )
12      v.                                )
                                          )
13  JOHN DOE CORRECTIONAL                 )        REPORT AND
    OFFICERS, et al.,                     )        RECOMMENDATION
14          Defendants.                   )
    _____ )
15

16          Plaintiff Marcus Lance Tyler proceeding *pro se*, brings this civil rights action

17  pursuant to 42 U.S.C. § 1983, 1988 and Fourth, Eighth, and Fourteenth Amendments.

18  Dkt. # 1.  Now before the Court is defendants' motion for summary judgment.  Dkt. #

19  18.

20  I.  BACKGROUND

21          At the time this action arose, plaintiff was in the King County Correctional

22  Facility ("KCCF").  He alleges that on March 29, 2002, while in a holding cell he felt a

23  stinging and burning sensation on his right leg, followed by the appearance of a red

24  bump in the groin area. "It felt like an insect bite."  Dkt. #1 at 3.  Further, he requested

25  medical attention and was later told he received a "spider bite and an allergic

26  component"  *Id*. at 4.  On April 2, 2002, the Jail medical staff initiated a medical alert

27

28

1  stating plaintiff had a severe infection in his right leg, whereupon he was transported to

2  Harborview Medical Center. *Id*.  After treating the staphylococcus infection in his right

3  leg, Harborview released him to return to the jail.  *Id*.  Correctional officers refused to

4  follow the wound treatment ordered by the physician and correctional medical staff did

5  nothing to deter this omission by the correctional officers.  *Id*.  The jail released

6  plaintiff from the jail, whereupon he returned to Harborview for treatment.  *Id*.

7    II. STANDARD FOR REVIEW

8         Summary judgment is appropriate when, viewing the evidence in the light most

9  favorable to the nonmoving party, there exists "no genuine issue as to any material

10 fact" such that "the moving party is entitled to judgment as a matter of law."  Fed. R.

11 Civ. P. 56(c).  A material fact is a fact relevant to the outcome of the pending action.

12 *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).  Genuine issues of material

13 fact are those for which the evidence is such that "a reasonable jury could return a

14 verdict for the nonmoving party."  *Id*. At 248

15         In response to a properly supported summary judgment motion, the nonmoving

16 party may not rest upon mere allegations or denials in the pleadings, but must set forth

17 specific facts demonstrating a genuine issue of fact for trial and produce evidence

18 sufficient to establish the existence of the elements essential to his case.  *See* Fed. R.

19 Civ. P. 56(e).  A mere scintilla of evidence is insufficient to create a factual dispute.

20 *See Anderson*, 477 U.S. at 252.  In ruling on summary judgment, the court does not

21 weigh evidence to determine the truth of the matter, but "only determine whether there

22 is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994).

23 //              //              //

24

25

26

27

28 REPORT AND RECOMMENDATION
   PAGE - 2

III. DISCUSSION

In light of the evidence produced by defendants in support of their summary judgment motion, the burden was on plaintiff to produce authenticated materials in opposition to the motion that "set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Plaintiff fails to satisfy that burden.

Under Local Rule CR 7(b)(2), plaintiff's failure to file an opposition may constitute an admission that defendant's motion has merit.  Nevertheless, there is a line of Ninth Circuit cases, beginning with *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 949-50 (9th Cir. 1993), which preclude a district court from granting a motion for summary judgment simply because the nonmoving party does not file opposing material, even if the failure to oppose violates a local rule.  *Id.* at 950.  However, when the local rule does not require, but merely permits the court to grant a motion for summary judgment, the district court has discretion to determine whether noncompliance should be deemed consent to the motion.  *Id.*

Thus, in the present case, reliance on Local Civil Rule 7(b)(2) is appropriate under *Gill* because plaintiff was warned in the Pretrial Scheduling Order (Dkt. #17) that his failure to file opposition to a summary judgment motion might be deemed an admission that the motion has merit, and may result in dismissal without a trial on the merits.  *See also, Bridges v. Lewis*, 18 F.3d 651, 652 (9th Cir. 1994).  The record shows that two weeks after filing the complaint, the Kannin Law Firm withdrew as plaintiff's counsel. Declarations showing notice to plaintiff of their withdrawal include the notice by mail (return receipt) sent to plaintiff's last known address in Kent, Washington.  Dkt. # 9.  Additionally, declarations submitted by the defense in support of their  motion demonstrate that plaintiff has not responded to interrogatories.  Dkt. # 19.  The record shows, he has not responded to the summary judgment motion.  It

appears that plaintiff is not interested in proceeding with this case.  Accordingly, dismissal under Local Rule 7(b)(2) is recommended.

DATED this 1st day of June, 2006.

MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE  - 4